IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD L. CLEGG, | : No. 4:CV 07-1332 |
| Petitioner | : Judge Jones |
| v. | : |
| VETERANS ADMINISTRATION MEDICAL CENTER, *et al.*, | : |
| Defendants | : |

MEMORANDUM

July 31, 2007

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

The Petitioner Donald Clegg ("Petitioner" or "Clegg") filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 24, 2007. (Rec. Doc. 1). Contemporaneously with the filing of this action, Petitioner filed a motion for leave to proceed *in forma pauperis*. (Rec. Doc. 2).

For the reasons that follow, we shall deny the Petitioner's motion for leave to proceed *in forma pauperis* and dismiss this action.

**STANDARD OF REVIEW:**

When a petitioner or plaintiff files an application to proceed *in forma pauperis* (doc. 2), pursuant to 28 U.S.C. § 1915(e)(2), the Court must engage in a

screening process. Specifically, the subsection provides that:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In considering whether a pleading states an actionable claim pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d2 310 (3d Cir. 1986). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Estelle v.

Gamble, 429 U.S. 97, 107-108 (1976).

## DISCUSSION:

### 1. Factual Allegations

Petitioner alleges that after suffering a mild heart attack on July 6, 2007, he was involuntarily committed to by the Pennsylvania State Police pursuant to what is commonly referred to as a "302."[1] Petitioner alleges that he was first taken to Holy Spirit Hospital in Camp Hill, Pennsylvania, but was given no medical treatment for his alleged chronic heart problems. Clegg alleges that he was kept at Holy Spirit Hospital overnight and then at "daylight" he was taken in an ambulance to the Veterans Administration Medical Center in Lebanon, Pennsylvania.

Petitioner alleges that while in the ambulance :

> "they got a large empty siringe [sic] and injected air into an artery leading to my heart [sic] I heard the one technician say 'he will be dead in 5 minutes as soon as the air causes his heart to lose [undecipherable].' I went into cardiac arrest and died, but I had withdrew [sic] my spirit (called an OBE 'out of body experience'). After being dead 5 minutes I re-entered my body (before rigor mortis set in) and spoke loudly 'How soon will we get to the V.A. hospital?'

---

[1] Pursuant to 50 Pa. C. S. § 7302 (a) an individual may be involuntarily committed for an examination for a period not to exceed one hundred and twenty hours upon the certification of a physician stating the need for such examination; or upon a warrant issued by the county administrator authorizing such examination; or without a warrant upon application by a physician or other authorized person who has personally observed conduct showing the need for such examination.

3

> They almost jumped out of the ambulance at 15 mph. It scared the hell out of them. They then took me to the V.A. Medical Center in Lebanon, PA. Instead of a dead body as they had planned, they had a live person."

(Petition, p. 2).

Clegg alleges he was placed in a psychiatric ward. Thereafter, Petitioner alleges that a state judge attempted to hold a 302(a) commitment hearing at the hospital. Petitioner alleges that he represented himself, with a public defender serving as stand-by counsel. Inasmuch as Petitioner avers that as of July 20, 2007 he was still committed at the V.A.M.C., it appears that the state judge issued an order rendering him involuntarily committed for at least twenty days. (Petition, p. 3).

## 2. Legal Analysis

Petitioner brings the Petition pursuant to 28 U.S.C. § 2241. Section 2241 empowers this court to issue a writ of habeas corpus for both federal and state prisoners in certain discrete situations. Regarding federal prisoners, in pertinent part, §2241(c) provides that:

> (c) The writ of habeas corpus shall not extend to a prisoner unless--
>
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

Regarding prisoners in state custody, §2241(d) provides that:

(d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

It is apparent from a plain reading of 28 U.S.C. § 2241 that Petitioner is not the type of "prisoner" to which the statute applies. At worst, the Petitioner was involuntarily committed pursuant to the *civil* laws of the Commonwealth of

Pennsylvania. He is not under a judgment or conviction of the Commonwealth's courts and thus is not a state prisoner. Moreover, although he might be detained in a medical facility funded by the United States government, he is, in *no* way, a federal prisoner. Accordingly, Petitioner's claims for relief are not properly brought before this Court pursuant to 28 U.S.C. § 2241. Any potential relief from psychiatric commitment lies within the Pennsylvania state system, not this Court of the United States.

## **CONCLUSION**:

Accordingly, because we find that Petitioner has stated no claim upon which relief can be granted, we shall deny the motion for leave to proceed *in forma pauperis* and dismiss the action pursuant to 28 U.S.C. § 1915(e)(2). An appropriate Order shall issue.